THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
DAVID JACOBS, Appellant.

Argued October 6, 1955; decided November 23, 1955.

*David I. Shivitz* and *Arnold M. Leibowitz* for appellant. I. Section 439 of the Penal Law was never intended to and does not cover the instant case. (*Todd* v. *United States,* 158 U. S. 278; *People* v. *Phyfe,* 136 N. Y. 554; *People* v. *Shifrin,* 301 N. Y. 445; *People* v. *Shakun,* 251 N. Y. 107; *People* v. *Benc,* 288 N. Y. 318; *People* v. *Graf,* 261 App. Div. 188; *Chase* v. *New York Central R. R. Co.,* 26 N. Y. 523; *McCarthy* v. *International Ry. Co.,* 126 App. Div. 182; *People* v. *Hemleb,* 127 App. Div. 356.) II. The evidence adduced was insufficient to sustain a conviction. (*June Fabrics* v. *Teri Sue Fashions,* 194 Misc. 267; *Cragie* v. *Hadley,* 99 N. Y. 131; *Corrigan* v. *Bobbs-Merrill Co.,* 228 N. Y. 58; *Gibney* v. *Marchay,* 34 N. Y. 301; *Orr & Co.* v. *Fireman's Fund Ins. Co.,* 235 App. Div. 1.)

*Frank S. Hogan, District Attorney* (*Harold Roland Shapiro* of counsel), for respondent. Defendant's guilt was established beyond a reasonable doubt. (*McCroskey* v. *Hamilton,* 108 Ga. 640; *Marsh* v. *Beraldi,* 260 Mass. 225; *American Sav. Life Ins. Co.* v. *Riplinger,* 249 Ky. 8; *Saums* v. *Parfet,* 270 Mich. 165; *People* v. *Levy,* 283 App. Div. 383; *State* v. *Landecker,* 100 N. J. L. 195, 103 N. J. L. 716.)

VAN VOORHIS, J. Defendant-appellant is a professional photographer. He conceived it to be to his professional advantage to learn the names and home addresses of passengers debarking from ocean liners at New York City, in order that he might take and more easily market their photographs in pursuit

of his profession. Lists of inbound passengers, known as passenger manifests, are required by Federal statute and regulation to be delivered by incoming vessels to the customs, immigration and public health authorities. These lists contain the street addresses of returning residents of this country throughout the United States. Apparently defendant wanted to be able to send proofs of photographs of passengers taken on arrival to the subjects at their homes, or, perhaps, to send glossy prints to their home newspapers. Whatever the object may have been, defendant wanted to inspect the manifests. A United States Lines purser testified that he accepted $10 apiece from defendant for copies of these passenger manifests. In consequence, defendant has been convicted of violating section 439 of the Penal Law, making it a misdemeanor corruptly to influence agents, employees or servants of another. The material portions of this section read as follows: " A person who gives, offers or promises to an agent, employee or servant of another, any gift or gratuity whatever, without the knowledge and consent of the principal, employer or master of such agent, employee or servant, with intent to influence such agent's, employee's or servant's action in relation to his principal's, employer's or master's business; or an agent, employee or servant who without the knowledge and consent of his principal, employer or master, requests or accepts a gift or gratuity or a promise to make a gift or to do an act beneficial to himself or to another, under an agreement or with an understanding that he shall act in any particular manner in relation to his principal's, employer's or master's business, or receives a reward for having so acted; * * * is guilty of a misdemeanor ".

In *People* v. *Graf* (261 App. Div. 188, 191–192) it was said: " We think that ' particular manner,' as used in the statute, was intended to mean a particular manner which would serve the purpose of the donor of the money rather than that of the employer, and that the money was given and accepted with the intention to affect some decision by the employee involving exercise of discretion on his part *with respect to his employer's interest.*" (Italics supplied.)

The latter statement appears to characterize the scope of the entire section. The question in this case does not concern the ethics of paying gratuities, but relates to whether this defendant

is guilty of the specific crime defined by this statute. In order to be guilty, these moneys must have been paid to the purser to influence his action concerning a matter affecting his employer's interest. A common illustration of such a criminal act would be payment of money to a purchasing agent, to cause him to buy goods for his employer from one vendor rather than from another. Here, the interest of the United States Lines does not appear to have been involved. The testimony of the purser, on which defendant's conviction hinges, is that the purser had notified his superior of the fact that this practice was being carried on, but that the superior " gave me no answer and he didn't say yes or no." The reason on account of which no reply was given is evidently that the interest of the United States Lines was not regarded as being involved.

The record further indicates that the United States Lines did not confine the delivery of its passenger manifests to the Federal customs, immigration and public health authorities, but also caused them to be sent to certain newspapers. The manifests were thus given publicity by the direct order of the company. Although the record does not show that the purser was told to make them available to all newspapers, the circumstance that they were to be given publicity emphasizes that the purser's act in making them available to defendant involved no exercise of discretion in the conduct of the business of this corporation. Submitting these documents to the customs, immigration and public health bureaus was part of the occupation of this steamship company, but it was not in the publishing business. Since money was not paid to influence the purser to perform an act involving discretion in the conduct of his employer's business, defendant has not been proved to be guilty of the crime which is defined by section 439 of the Penal Law.

The judgments should be reversed and the information dismissed.

CONWAY, Ch. J., FROESSEL and BURKE, JJ., concur with VAN VOORHIS, J.; DESMOND and FULD, JJ., dissent and vote to affirm; DYE, J., taking no part.

Judgments reversed, etc.